IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY BALLARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )CIVIL ACTION NO. 1:08-CV-824-MEF |
| | ) |
| THE SHERWIN WILLIAMS CO., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate (Doc. 102, filed January 23, 2009). Pending before the Court is a *Motion To Require Plaintiff To Show Cause Why His Claims Should Not Be Dismissed* (Doc. 103, filed February 11, 2009), jointly filed by each of the remaining fifteen (15) defendants in this case. On February 12, 2009, the Court construed the motion as one for dismissal, and issued an order directing Plaintiff to show cause on or before February 23, 2009 why the motion to dismiss should not be granted and the case dismissed due to his failure to prosecute this action. *See* Doc. 104. Plaintiff failed to respond to the Court's order. Thus, for good cause, the case should be dismissed for want of prosecution.

## I. PARTIES

Plaintiff Jimmy Ballard ("Ballard" or "Plaintiff"), is a resident of Heard County, Georgia.

Defendant The Sherwin-Williams Company, Individually, and d/b/a United Coatings, inc. and/or as successor to United Coatings, Inc., is an Ohio corporation, with its principal place of business in Cleveland, Ohio.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant Hexion Specialty Chemicals, Inc. is a New Jersey Corporation, with is principal place of business in New York, New York.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant Radiator Specialty Company is a North Carolina corporation, with its principal place of business in Charlotte, North Carolina.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant Rust-Oleum Corporation is an Illinois corporation, with its principal place of business in Vernon Hills, Illinois.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant Berryman Products, Inc. is a Texas corporation, with its principal place of business in Arlington, Texas.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant WD-40 Company is a California corporation, with its principal place of business in San Diego, California.  During the relevant period of time, this Defendant

conducted business in Alabama.

Defendant CRC Industries, Inc. Is a Pennsylvania corporation, with its principal place of business in Warminster, Pennsylvania.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant The Steco Corporation is an Arkansas corporation, with its principal place of business in Little Rock, Arkansas.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant Marvel Oil Company, Inc. is an Illinois corporation, with its principal place of business in Little Rock, Arkansas.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant The B'Laster Corporation (f/k/a The Blaster Chemical Companies, Inc.) is an Ohio corporation, with its principal place of business in Rocky River, Ohio.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant Pennzoil-Quaker State Company is a Delaware corporation, with its principal place of business in Houston, Texas.  During the relevant period of time, this Defendant conducted business in Alabama.

Defendant Citgo Petroleum Corporation f/k/a Cities Services RMT Corporation is a Delaware corporation, with its principal place of business in Rolling Meadow, Illinois. During the relevant period of time, this Defendant conducted business in Alabama.

Defendant The Glidden Company d/b/a ICI Paints is a Delaware corporation, with its principal place of business in Wilmington, Delaware.  During the relevant period of

time, this Defendant conducted business in Alabama.

Defendant Safety-Kleen Systems, Inc. is a Wisconsin corporation, with its principal place of business in Plano, Texas. During the relevant period of time, this Defendant conducted business in Alabama.

Defendant Safety-Kleen, Inc. is a Delaware corporation, with its principal place of business in Plano, Texas. During the relevant period of time, this Defendant conducted business in Alabama.

All of the foregoing defendants shall be referred to as "Defendants."

## II.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs. The parties have not contested personal jurisdiction or venue, and there are adequate allegations to support both.

## III.  NATURE OF CASE/BACKGROUND

Ballard initiated this action through counsel on October 10, 2008. *See* Doc. 1. On December 18, 2008, this Court granted Ballard's counsel permission to withdraw from this case. *See* Doc. 94.

A *Motion To Require Plaintiff To Show Cause Why His Claims Should Not Be Dismissed* was jointly filed by each of the remaining fifteen (15) defendants in this case (Doc. 103, filed February 11, 2009). Defendants's *Motion* and exhibits chronicled

Plaintiff's inattention to this litigation, and cite the same as grounds for dismissal for failure to prosecute this case.  The *Motion* alternatively requested that Plaintiff be required to show cause why this case should not be dismissed. The Court entered an Order instructing Ballard to show cause, on or before February 23, 2009, why this action should not be dismissed due to his failure to prosecute (Doc. 104, February 12, 2009).  To date, Ballard has not responded to the Court's Order.

### IV.  DISMISSAL FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Fed. R. Civ. P. 41(b).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, dismissal of this action is appropriate as Plaintiff has been provided more than a reasonable opportunity to prosecute this action.  Ballard was sent notice of the Motions to Dismiss and his deadline to respond.  *See* Doc. 11.  The Court allowed three additional

days for him to respond.  Ballard has not filed a response, nor has the mail returned the Court's Order as undeliverable.  Consequently, it is reasonable to conclude that Plaintiff has chosen to abandon prosecution of his claims.

## V.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that

(1)  This case be **DISMISSED without prejudice** for lack of prosecution;

(2) The *Motion to Dismiss* contained in Defendants' *Motion To Require Plaintiff To Show Cause Why His Claims Should Not Be Dismissed* (Doc. 103, 2/11/09) be **GRANTED**;

(3)  Any remaining outstanding motions be denied as moot.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **March 12, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*,

677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 27th day of February, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE